IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CORDELL BELSAR, | : | HABEAS CORPUS |
|    Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
| v. | : | |
| | : | |
| STAN SHEPARD, Warden, | : | CIVIL ACTION NO. |
|    Respondent. | : | 1:15-CV-4147-TWT-JFK |

**UNITED STATES MAGISTRATE JUDGE'S ORDER
AND FINAL REPORT AND RECOMMENDATION**

Petitioner, Cordell Belsar, challenges via 28 U.S.C. § 2254 the constitutionality of his June 2001 Cobb County convictions. The matter is now before the Court for consideration of the petition [1], Respondent's answer response and motion to dismiss [5, 6], and Petitioner's reply [8]. For the reasons stated below, the undersigned recommends that the motion to dismiss be granted and that this action be dismissed.

**I.   Discussion**

In 2000, Petitioner murdered Rigoberto Salas-Palatino and committed simple battery against Efrain Salas, and, following indictment and trial, was found guilty by a Cobb County jury for those crimes. Belsar v. State, 276 Ga. 261, 261 n.1, 577 S.E.2d 569, 569 n.1 (2003). On June 1, 2001, the Cobb County Superior Court imposed a life term of imprisonment, along with a concurrent twelve-month sentence. Id. On

February 24, 2003, the Georgia Supreme Court affirmed the judgment against Petitioner. Id., 276 Ga. at 262, 577 S.E.2d at 570. On June 27, 2008, Petitioner filed in the Bibb County Superior Court a state habeas corpus petition, civil action number 08-cv-49246. (Resp't Ex. 3, ECF No. 7-3). On October 14, 2009, that court denied relief. (Resp't Ex. 4, ECF No. 7-4). Petitioner states that he did not seek further review of his state habeas corpus petition. (Pet. at 3, ECF No. 1).

On June 10, 2013, Petitioner filed in the Cobb County Superior Court a motion to vacate an illegal and void sentence, and on July 22, 2013, the court denied that motion. (Resp't Ex. 5, ECF No. 7-5; Resp't Ex. 6, ECF No. 7-6). On June 22, 2015, Petitioner filed an extraordinary motion for a new trial, and on July 23, 2015, the court denied that motion.[1] (Resp't Ex. 7, ECF No. 7-7; Resp't Ex. 8, ECF No. 7-8).

---

[1] Petitioner states that his appeal on the extraordinary motion was denied as untimely. (Pet. at 4).

On November 24, 2015,[2] Petitioner filed his federal habeas corpus petition. (Pet.). Therein, Petitioner states that his ability to timely file his federal petition "has been stymied by . . . unconstitutional barriers to legal resources[,]" i.e., "minimal legal resources" at his prison which allows "30 minutes of computerized legal research one day per week." (Id. at 8).

Respondent moves that the petition be dismissed as untimely. (Resp't Br. at 4-6, ECF No. 6-1). Petitioner responds and asserts (1) that equitable tolling allows an exception to the limitations period and he has always been diligent, (2) that the once-per week library access at the prison has prevented him from being more diligent, (3) that deficient-indictment and void-sentence claims are not subject to time bars, (4) that he was not previously informed of the federal time limitations, and (5) that actual innocence excuses the time bar and he has always maintained his innocence. (Pet'r Reply at 4-6, 9, ECF No. 8).

---

[2]Generally, a prisoner filing in federal court may be deemed filed on the day that the prisoner delivered it for mailing to prison officials, which, absent evidence to the contrary, is presumed to be the date on which he signed it. Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir.), cert. denied, _ U.S. _, 135 S. Ct. 241 (2014) (citing Houston v. Lack, 487 U.S. 266, 276 (1988); United States v. Glover, 686 F.3d 1203, 1205 (11th Cir. 2012)).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA") a one-year statute of limitations applies to a habeas corpus action attacking a state conviction. As stated at 28 U.S.C. § 2244:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In addition to the tolling provision in § 2244(d)(2), the one-year statute of limitations is subject to equitable tolling if the petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1207 (11th Cir. 2014) (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)) (internal quotation marks omitted), cert. denied, _ U.S. _, 135 S. Ct. 1171 (2015). Actual innocence also provides an equitable exception, though rare, to AEDPA's time limitations. McQuiggin v. Perkins, _ U.S. _, _, 133 S. Ct. 1924, 1928 (2013) (stating that the petitioner must "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt" (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)) (internal quotation marks omitted)). To show actual innocence, the petitioner must, "with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial" demonstrate that "it is more likely than not that no reasonable juror would have convicted him[.]" Schlup, 513 U.S. at 324, 327.

Petitioner is incorrect in stating that the federal limitations period does not apply to deficient-indictment or void-sentence claims. It does. See Williams v. United

5

States, 383 F. App'x 927, 929-30 (11th Cir. 2010) (holding that jurisdictional claim was subject to one-year limitations period under 28 U.S.C. §2255(f)); Jones-Bey v. Alabama, No. 2:14-cv-00376-AKK-HGD, 2014 WL 1233826, at *2 (N.D. Ala. March 25, 2014) (stating that "[t]here is no exception under AEDPA's statute of limitation for a § 2254 claim that the state court lacked jurisdiction" because of an allegedly faulty indictment); Wilwant v. Stephens, No. 4:13-CV-276-A, 2013 WL 3227656, at *2 (N.D. Tex. June 25, 2013) ("[A] federal petitioner cannot evade the effect of the statute of limitations by the 'simple expedient' of arguing that his conviction or sentence is void." (citation omitted)).

There being no suggestion in the record before this Court that the provisions of subsections 2244(d)(1)(B)-(D) apply, the federal limitations period began to run when Petitioner's convictions "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner's convictions became final on Tuesday, May 27, 2003, when his time to seek a writ of *certiorari* in the United States Supreme Court expired, ninety days after the Georgia Supreme Court on February 24, 2003, affirmed his convictions. See Sup. Ct. R. 13, 30; Taylor v. Williams, 528 F.3d 847, 848-49 (11th Cir. 2008). Thus, the 365-day limitations period was set to expire on May 27, 2004.

6

Petitioner's June 2008 state habeas corpus petition, June 2013 motion to vacate an illegal and void sentence, and June 2015 extraordinary motion for a new trial were filed after the 365-day period expired and, thus, cannot provide statutory tolling. See Lugo, 750 F.3d at 1208 ("The filing of Lugo's . . . motion did not operate to toll the limitations period under § 2244(d)(2) because no period remained to be tolled.").

Petitioner's conclusory allegations – that he was diligent but that minimal legal resources (which included thirty minutes of computerized legal research per week) prevented any greater diligence – simply do not show that he is entitled to equitable tolling for the more than five years that passed between the May 2003 date on which his convictions became final and the June 2008 date on which he filed his state habeas corpus petition. See Arthur v. Allen, 452 F.3d 1234, 1253 (11th Cir.) (holding that petitioner must show connection between untimely filing and alleged law library inadequacy), opinion modified on other grounds, 459 F.3d 1310 (11th Cir. 2006); Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1314 (11th Cir. 2001) ("[T]he record evidence is insufficient to support a connection between Helton's untimely filing and any alleged inadequacies in the prison library."). Further, Petitioner's assertion that he was not previously informed of the federal time limitations does not justify equitable tolling. See Spears v. Warden, 605 F. App'x 900, 904 (11th Cir.),

7

cert. denied, _ U.S. _, 136 S. Ct. 300 (2015) ("We have stated that '*pro se* litigants, like all others, are deemed to know of the one-year statute of limitations.' Outler v. United States, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007) . . . . And we have not accepted a lack of a legal education as an excuse for a failure to file in a timely fashion.")  Petitioner's attempt to assert an actual innocence exception fails as he provides no concrete showing of new reliable evidence that meets the actual innocence standard.  (See Pet'r Reply at 6-12).

Accordingly, the 365-day limitations period expired on May 27, 2004. Petitioner's November 2015 federal habeas corpus petition must be denied and dismissed as untimely.

**II.     Petitioner's Request for Additional Time**

Respondent's certification of service on exhibits shows that Respondent served Petitioner with a notice of filing the exhibits but does not show that Respondent served Petitioner with copies of the exhibits.  (See Notice of Filing Exhibits, ECF No. 7). Petitioner states that he has limited legal ability, has not received a copy of Respondent's exhibits, and particularly needs a copy of exhibit one (a copy of the final

8

disposition in Petitioner's criminal case), and requests additional time to further respond. (Pet'r Reply at 2).[3]

Respondent was required to serve Petitioner with copies of Exhibits One through Eight, which it relied on its answer, motion to dismiss, and/or brief in support. See Rodriguez v. Fla. Dep't of Corr., 748 F.3d 1073, 1074 (11th Cir. 2014) ("[W]e conclude that the State was procedurally required to serve Mr. Rodriguez with the exhibits included in the Appendix and referenced in its answer."), cert. denied, _ U.S. _, 135 S. Ct. 1170 (2015). For future reference, Respondent is advised of its obligations as stated in Rodriguez.

In the interest of justice and in order to avoid further delay by requiring that Respondent provide Petitioner with copies, the Court shall direct the Clerk of Court to forward to Petitioner copies of the exhibits. Nonetheless, Petitioner's motion for additional time to file a further response shall be denied as Respondent's Exhibits support the Court's finding that this action is untimely, and, if Petitioner disagrees, he may raise his disagreement in his objections.

---

[3]Petitioner also states that he cannot accurately establish exhaustion because he does not have direct-appeal records. (Pet'r Reply at 6, 8). The records on direct appeal are not relevant to the timeliness issue.

9

### III.    Certificate of Appealability ("COA")

Under Rule 11 of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Melton v. Sec'y, Fla. Dep't of Corr., 778 F.3d 1234, 1236 (11th Cir. 2015) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted), cert. denied, _ U.S. _, 136 S. Ct. 324 (2015).

> "When the district court denies a habeas petition on procedural grounds . . . a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Damren v. Florida, 776 F.3d 816, 820 (11th Cir. 2015) (quoting Slack, 529 U.S. at 484).

AO 72A
(Rev.8/82)

The undersigned recommends that a COA should be denied because the decisive procedural issue, untimeliness, is not debatable based on the record before the Court. If the Court adopts this recommendation and denies a COA, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

### IV.   Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Respondent's motion to dismiss [6] be **GRANTED**, that the instant petition for a writ of habeas corpus [1] be **DENIED and DISMISSED** as untimely, and that a COA be **DENIED**.

**IT IS ORDERED** that Petitioner's request for additional time in which to file a further response [8] is **DENIED**.

The Clerk of Court is **DIRECTED** to forward to Petitioner copies of Respondent's Exhibits located at docket entry seven. The Clerk of Court is **FURTHER DIRECTED** to withdraw the referral to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED**, **ORDERED**, **and DIRECTED**, this 8th day of June, 2016.

*(signature)*
JANET F. KING
UNITED STATES MAGISTRATE JUDGE